UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| THOMAS L. WILLIAMS, | Case No. 3:23-cv-00433-ART-CLB |
|---|---|
| Plaintiff, | ORDER ON REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE (ECF No. 6) |
| v. | |
| VETERANS AFFAIRS, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Thomas Williams brings this action under 42 U.S.C. § 1983 against Defendants Veterans Affairs and the VA Healthcare System in connection with his VA disability claims and a recent arrest. (ECF No. 1-1 at 4-13.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 6), recommending the Court dismiss the complaint without leave to amend and enter judgment in favor of Defendants. Plaintiff filed an objection to the R&R. (ECF No. 12 ("Objection").) Because the Court agrees with Judge Baldwin's analysis, the Court will adopt the R&R in full. Accordingly, the Court will dismiss the complaint and close this action.

**II.   BACKGROUND**

Plaintiff alleges the following. He is an honorably discharged veteran diagnosed with PTSD and bipolar disorder. (ECF No. 1-1 at 4-5.) Veterans Affairs has denied his disability claims multiple times, and Plaintiff challenges these decisions. (*Id.* at 4.) In addition, Plaintiff was arrested for a murder at his home and argues that Veterans Affairs should provide him with legal representation. (*Id.* at 5.)

Judge Baldwin recommends dismissing the complaint for the following

reasons. First, the Court lacks subject matter jurisdiction over VA disability claims. (ECF No. 6 at 3.) Furthermore, *Younger* abstention prevents this Court from intervening in ongoing state criminal proceedings. (*Id.* at 4.)

### III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 12.)

### IV. DISCUSSION

Plaintiff makes several arguments in his Objection. First, Plaintiff argues this Court can hear appeals of VA disability benefit decisions. Second, Plaintiff argues the Sixth Amendment guarantees him representation by the VA for his pending state criminal case. The Court will address each argument in turn.

#### A. VA Disability Claim

Plaintiff argues this Court can adjudicate his VA disability claim because Defendants violated his Fifth and Fourteenth Amendment rights when they denied his claims. (ECF No. 12 at 2-3.) Federal courts are courts of limited jurisdiction, meaning they can only hear cases authorized by the United States Constitution or federal statutes. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). District courts cannot review "VA decisions that relate to benefits decisions." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (quoting *Beamon v. Brown*, 125 F.3d 965, 971 (6th Cir. 1997)). Thus, this Court lacks jurisdiction over Plaintiff's VA disability claim and must dismiss the claim.

///

///

### B. State Criminal Proceeding Claim

Next, Plaintiff argues that he is entitled to representation by the VA in his upcoming criminal case. (ECF No. 12 at 8.) This Court cannot grant Plaintiff his requested relief because of the *Younger* abstention doctrine. This doctrine prevents federal courts from interfering with pending state criminal proceedings except in extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971). To determine if *Younger* abstention applies, federal courts consider whether the state criminal proceeding is "(1) ongoing, (2) implicate[s] important state interests, and (3) provide[s] an adequate opportunity…to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019). The Court finds *Younger* abstention applies because it appears that the state criminal case is still pending and implicates Nevada's interest in protecting the public through criminal prosecution. Furthermore, Plaintiff can raise his constitutional claims in these state proceedings. Because *Younger* abstention applies here, the Court will dismiss Plaintiff's claim for legal representation in the state proceedings.

In sum, the Court finds Plaintiff has no surviving claims. The Court therefore will dismiss Plaintiff's complaint and enter final judgment in favor of Defendants.

### V. CONCLUSION

It is therefore ordered that Plaintiff's objection (ECF No.12) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled. The Report and Recommendation (ECF No. 6) is therefore adopted in full.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 5) is granted.

It is further ordered that the Clerk file the complaint (ECF No. 1-1).

It is further ordered that the complaint (ECF No. 1-1) is dismissed without leave to amend.

It is further ordered that Plaintiff's Motion for Younger Abstention (ECF No.

11) is denied as moot.

It is further ordered that this action is closed, and that judgment is entered accordingly.

DATED THIS 8th Day of December 2023.

_____
ANNE TRAUM
UNITED STATES DISTRICT JUDGE